IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PROFESSIONAL SERVICE INDUSTRIES,          Civ. No. 09-6374-AA
INC., a Delaware corporation,                      ORDER

        Plaintiff,

    v.

FORESTWOOD INDUSTRIES, INC.,
a New York corporation, and
PFS CORPORATION, a Wisconsin
corporation,

        Defendants.
_____

AIKEN, Chief Judge:

    Pursuant to Federal Rule of Civil Procedure 65(b)(1), plaintiff Professional Service Industries, Inc. (PSI) moved the court for entry of a preliminary injunction against defendants Forestwood Industries, Inc. (FII), PFS Corporation (PFS) and all employees, persons, agents, or entities acting in concert with them, including former PSI employee Ben Vaughn. Defendant PFS

1 - ORDER

stipulated to entry of an order authorizing certain injunctive relief; however, defendant FII objected to the breadth and potential scope of the stipulated order.

After discussions among counsel, PSI and FII generally agreed to a stipulated order entering preliminary injunctive relief. However, the parties disagreed whether language contained in a written proposal identified as Exhibit 5 to the Verified Complaint is subject to this order, and whether this order should apply to agents or other persons acting in concert with defendants as opposed to those within defendants' control.

After consideration of the parties' arguments, the court enters the following order with respect to defendants FII and PFS, finding that the same order should apply to both defendants.

Accordingly, defendants FII and PFS and their employees, agents, and other persons within their control or under their direction are hereby enjoined from:

1.  soliciting PSI's clients using PSI's trade secrets, service mark, copyrighted materials, Confidential information, or customer-specific marketing materials derived from PSI's proprietary information and materials, *except* for portions thereof that are, in either format or content, justified by or related to law or regulation involved in the CARB regulation process, or have been posted on PSI's website or in generally-disseminated marketing materials (i.e., not disseminated to specific clients);

    2.  infringing PSI's trade secrets, service mark, copyrighted materials, Confidential information, or marketing materials;

    3.  defaming PSI's business reputation;

    4.  disclosing and using in any way PSI's Confidential information;

    5.  using or disclosing to anyone not employed by PSI any Confidential or proprietary information contained in documents or computer files, if any, obtained by defendants from the employment by PSI of Ben Vaughn or Ralph Vaughn;

    6.  altering, erasing, deleting, or destroying any computer, computer drive, computer disk, or other information containing medium currently in their possession, custody, or control, including those of Ben or Ralph Vaughn, containing any information regarding PSI's Confidential information as described herein.

    Further, defendants FII and PFS and their employees, agents, and other persons within their control or under their direction are hereby required to:

    7.  preserve all evidence relevant to the allegations made in the Verified Complaint filed in this action;

    8.  return to PSI all written PSI Confidential and proprietary information, if any, or certify under penalty of perjury that they have none;

    9.  immediately return to PSI any and all documents or information, in whatever form, including without limitation

computer discs, hard drives, and removable media storage devices, which contain or are based on PSI-generated Confidential or proprietary information pertaining to PSI's customers, services, prices, proposals, marketing, service marks, corporate contracts or documents or records, or any other related information;

    10.  post a bond of $1,000.00 ($500.00 per defendant) cash in lieu to be deposited with the court.

Unless otherwise agreed to by the parties or ordered by the court, "Confidential" includes for purposes of this Order:

1. proprietary pricing and contract terms;
2. customers not disclosed on external websites, generally-disseminated marketing media or government media;
3. proprietary and non-generally disseminated software, systems, forms, manuals, proposals, strategies, and financials.

For purposes of this Order only, the proposal attached to the Verified Complaint as Exhibit 5 is not included in the definition of "Confidential." The court may revisit this issue if PSI presents evidence that the proposal's language is proprietary or otherwise protected, that the proposal language is associated uniquely with PSI, or that defendants' use of the proposal has caused confusion.

To the extent defendants agree to certain terms of this Order, defendants represent that they do so without admitting liability

4 - ORDER

for, or that they engaged in, any of the activities alleged in the Verified Complaint, and without waiving any defenses except for sufficiency of service of process.

Given issuance of this Order, PSI's Motion for Preliminary Injunction (doc. 3) is GRANTED in part, and DENIED in part, as set forth above.

IT IS SO ORDERED.

Dated this __12__ day of January, 2010.


             _____s/ Ann Aiken_____
                        Ann Aiken
              Chief United States District Judge

5 - ORDER